FILED

DEC 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER B. ROLLINS, | No. 13-16748 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-02047-PSG |
| v. | |
| RAYMOND E MABUS, Jr., Secretary of the Navy; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Submitted November 18, 2015[**]
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Plaintiff-Appellant Peter Rollins ("Rollins") appeals the district court's grant

of summary judgment in favor of Defendant-Appellee Raymond Mabus, Secretary

of the Navy ("the Navy"). We reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. In ruling on the Navy's motion for summary judgment, the district court properly precluded consideration of any claim except for Rollins's Title VII race discrimination claim. Rollins's original complaint alleged Title VII discrimination and retaliation claims along with several tort claims. The Navy moved to dismiss all but Rollins's race discrimination claim. Rather than oppose the motion to dismiss, Rollins filed a Statement of Non-Opposition. Rollins then stipulated to a dispositive order that dismissed with prejudice "all claims against all defendants except plaintiff's claim for discrimination under Title VII against Raymond E. Mabus, Secretary of the Navy, based on plaintiff being charged with AWOL and receiving a Decision on his Proposed Suspension." By not opposing the motion to dismiss and agreeing to the dispositive order, Rollins abandoned all claims except for his Title VII discrimination claim. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . , has effectively abandoned his claim, and cannot raise it on appeal.").

2. The district court erred when it granted summary judgment in favor of the Navy on Rollins's sole remaining claim. Rollins established a prima facie case of race discrimination under the *McDonnell Douglass* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Although the Navy

articulated a legitimate non-discriminatory reason for charging Rollins with AWOL and proposing a fourteen-day suspension, Rollins's opposition raised a triable issue of material fact that the Navy's reason was pretextual. Viewing all facts in the light most favorable to Rollins, both Salvador Araujo and Robert Kremer were similarly situated individuals who were treated more favorably than Rollins for similar misconduct. Comparator "employees need not be identical, but must be similar in material respects." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011); *see also Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (holding that "individuals are similarly situated when they have similar jobs and display similar conduct."). Here, Rollins, Araujo, and Kremer were all federal civilian police officers who violated their employer's leave policies, which Rollins argued served the same purpose of ensuring an adequate workforce. Although Araujo and Kremer both amassed a substantial record of excessive sick leave over several months, each received only a warning letter that was explicitly "not a disciplinary action." By contrast, Rollins's failure to obtain prior approval for one day of leave resulted in a charge of AWOL and notice of fourteen-day suspension. Whether Araujo and Kremer were "similarly situated" is a material "question of fact" that must be answered by a jury. *Earl*, 658 F.3d at 1116.

3

Further, the district court erroneously found that Rollins's "insubordination" was an "additional basis for his suspension" and for "distinguishing him from Araujo and Kremer." Rollins's notice of proposed suspension did not mention "insubordination," and the human resources employee who reviewed the notice stated in her deposition that insubordination was not a reason provided to Rollins for his suspension. Therefore, it was disputed whether Rollins was treated less favorably than Araujo and Kramer and whether insubordination justified the adverse employment actions at issue. Given these material factual disputes, the district court erred in granting summary judgment in favor of the Navy.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs on appeal.

**Rollins v. Mabus**, No. 13-16748

KLEINFELD, Senior Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent from the decision to reverse and remand the district court's grant of summary judgment on Rollins' discrimination claim. I concur in the decision affirming the district court's dismissal of his remaining claims.

Rollins' evidence did not show that Araujo and Kremer were similarly situated individuals treated more favorably than him for similar misconduct.[1]

Both Araujo and Kremer were warned and required to obtain doctors' notes in the future for suspected misuse of sick leave. Rollins was disciplined more harshly than them for being absent without leave. Though other employers might treat both sorts of absences as equivalent, the Navy did not. The Navy treats AWOL as a much more serious offense.[2] Rollins compounded his unexcused

---

[1] Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1114 (9th Cir. 2011).

[2] Compare Suppl. ER 398 (when sick leave abuse is suspected, a supervisor may issue a letter of requirement, requiring the employee to obtain a doctor's note for each subsequent day of sick leave requested), and id. at 572 (same), with id. at

1

absence by refusing to return to work when his supervisor ordered him to. And he had a prior incident in his disciplinary record. Neither Araujo nor Kremer had similarly refused direct orders or had prior disciplinary records. The only other evidence about an AWOL employee was testimony about a white officer who, like Rollins, was recommended for suspension for being AWOL. The white officer was later terminated for his conduct. Rollins retired with full benefits.

The record does not support the inference that Rollins' supervisors discriminated against him on account of race. The supervisor who notified Rollins of the proposed suspension for being AWOL got Rollins the job at Monterey in the first place, and lived with Rollins for a time. They were apparently friends until Rollins evicted his supervisor for failing to pay rent. Even if some personal hostility rather than work performance motivated the discipline, this history only supports an inference of a hostile relationship based on a dispute over money, not race. Kenneth Bench, the supervisor who initially lowered Rollins' proposed suspension from 14 to 7 days, also offered Rollins the alternative dispute

573 (AWOL "will be charged to an employee who absents [himself] from an appointed place of duty without approval," and results in mandatory disciplinary action), and id. at 375 (punishment for AWOL first offenses ranges from reprimand to removal, and 5 day suspension to removal for second offenses).

2

agreement, under which Rollins served a probationary period and ended up never serving an unpaid suspension. Jeffrey Pray, the supervisor who did not authorize Rollins' leave in July 2010 and reported him AWOL, continued to approve Rollins' leave requests after the AWOL incident. There is no genuine issue of fact supported by evidence cognizable under Rule 56 as to whether Rollins was discriminated against based on his race.